DLM

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HAKAN YALINCAK,<br><br>Plaintiff,<br><br>v.<br><br>CORNELL COMPANIES, INC.; WARDEN WAYNE T. SALISBURY, JR.; ASSOCIATE WARDEN JOHN DOE 1; JEAN SINGLETON; LINDA LUGO; JUNE M. CARLTON; PATRICK TOOLIN; FRANK BOTELLO; JOHN DOE 2 A/K/A "C.O. BUCKLESS"; JANE DOE 1 A/K/A "C.O. FALCON"; JANE DOE 2 A/K/A "C.O. MORALES"; JOHN DOE 3 A/K/A "SGT. GOMES"; JANE DOE 3 A/K/A "NURSE MAUREEN"; JANE DOE 4 A/K/A "NURSE LISA"; LUIS A. CERBO; JOHN RIEDEL; JOHN DOE 4 A/K/A "LT. MOUGENOT"; AND JOHN DOE 5 A/K/A "SGT. DOE 5";<br><br>Defendants. | CASE NO.<br>(Jury Trial Demanded)<br><br>CA 08 57T |

**MOTION FOR APPOINTMENT OF PRO BONO COUNSEL**

The Plaintiff, Hakan Yalincak ("Plaintiff" or "Mr. Yalincak"), in the above-entitled matters respectfully submits this Motion for Appointment of Pro Bono Counsel, and states as follows:

The Plaintiff has filed this lawsuit to address Constitutional violations and negligence against Defendant Cornell Companies, Inc., and numerous employees at the Donald W. Wyatt Detention Facility, which is operated by Defendant Cornell Companies, Inc.

The Plaintiff has prepared the Complaint, and all of the accompanying filings with the assistance of a Prisoner's Legal Aid program and is not a trained lawyer, and has no formal legal training.

In addition, the Plaintiff is currently incarcerated by the Federal Bureau of Prisons ("BOP") in a facility located at Rivers Correctional Institution, Inc., P.O. Box 630, Winton, North Carolina 27986. Presently, the Plaintiff has a halfway house release date of June 6, 2008 and a full release date of September 24, 2008.

Additionally, the Plaintiff is a citizen of the Republic of Turkey and is a political asylee in the United States. However, due to his convictions for bank fraud (18 U.S.C. §1344) in the United States District of Connecticut, he is deportable and Immigration and Customs Enforcement ("ICE") has placed a detainer on him.

In light of the above circumstances, the Plaintiff requests that this Court appoint pro bono counsel to assure the expeditious, proper, and timely prosecution of this action.

Furthermore, the Plaintiff has contacted numerous attorneys, including the law firm of Edwards Angell Palmer & Dodge, LLP, Brian Cave, LLP, Hogan & Hartson, LLP, and Jager Smith, P.C., and has been unable to retain counsel from any one of these firms because he lacks sufficient funds to retain counsel, and absent an Order granting appointment of Pro Bono Counsel will not be able to obtain counsel by himself. Simply because of the foregoing, and the limited ability of the Plaintiff to contact counsel in Rhode Island, which is more than 500 miles away since he is incarcerated at a facility in the State of North Carolina, the Plaintiff cannot obtain counsel on his own.

Finally, the arguments in the instant Complaint are not frivolous and the Plaintiff states that the appointment of counsel would benefit all parties. The Complaint passes the the initial test of "likely merit" Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989), Machadio v. Apfel, 276 F.3d 103, 107-108 (2d Cir. 2002). When deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance" Hodge v. Police Officers, 802 F.2d 58, 61 (2d. Cir. 1986), cert. denied, 502 U.S. 996 (1991), and should consider the Pro Se litigant's "competence to proceed pro se, the complexity of the issues," and any other reason why the appoint of counsel woul dbe more likely to lead to a just outcome. Machadio, 276 F.3d at 108, Carmona v. United States Bureau of Prisons, 234 F.3d 629, 632 (2d Cir. 2001).

In the instant case at bar, the Complaint passes the test of likely merit: to wit, all of the factual claims in the Complaint were well documents and were brought up in the Plaintiff's criminal case when he was a defendant in the District of Connecticut, and the Plaintiff's situation at the Wyatt facility was highly publicized by the New York Times, and numerous other papers. Next, the Plaintiff has no formal legal training, and because of the complexity of the lawsuit, there will be substantial discovery needed, and again, the Plaintiff does not have sufficient assets to go through discovery, even just for the photocopying of all of the interrogatories, requests for admissions, etc. for all Defendants in this action, and is not familiar with the process.

Moreover, given the high likelihood that the Plaintiff may be deported and will likely be in immigration custody for sometime after the completion of his criminal sentence on September 24, 2008, as well as his lack of access to legal research, and his limited access to materials, counsel, and again, his lack of formal legal training, it is in the interests of justice that the Plaintiff be represented by Pro Bono Counsel, however, the Plaintiff lacks any funds, whatsoever, to retain paid counsel on his own, and accordingly, respectfully prays that this Court Grant the Plaintiff's Motion for Appointment of Pro Bono Counsel.

Respectfully submitted,

Hakan Yalincak Pro Se
Reg. No. 15662-014
RCI
P.O. Box 630
Winton, NC 27986
(252) 358-5200 Tel.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing Motion for Appointment of Pro Bono Counsel was mailed this 14th day of February, 2008 by first-class mail, postage pre-paid by depositing a copy of the same in the RCI Facility legal mailbox, addressed as follows:

Richard Crane, Esq.
Cornell Companies, Inc.
1700 West Loop South, Suite 1500
Houston, TX 77027
(On behalf of all Defendants)

Hakan Yalincak

ORDER

The Plaintiff's Motion for Appointment of Pro Bono Counsel having been considered by the Court, it is hereby **GRANTED/DENIED.**

IT IS SO ORDERED

Dated:_________________________

at_____________________________

_____________________________
United States Magistrate Judge

or

United States District Judge