UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HAKAN YALINCAK, Plaintiff, | : | |
| v. | : | Case No. 1:08-CV-00057-S-JH |
| CORNELL COMPANIES, INC., ET AL., Defendants. | : | MARCH 25, 2008 |

**SUPPLEMENT TO PLAINTIFF'S OBJECTION PURSUANT TO F.R.C.P. 72(A) TO ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION**

The Plaintiff, Hakan Yalincak (hereinafter "Yalincak" or "Plaintiff"), in the above-entitled matters, pursuant to Fed.R.Civ.P, 72(a), files this Supplement to Plaintiff's March 24, 2008 "Objection to Order Denying Plaintiff's Motion for Clarification" (hereinafter "March 24 Objection")(collectively, "Objections").

For the reasons discussed below, especially given the lack of any details, analysis, or discussion in the Court, Hagopian, M.J.'s Order (Doc. 5 and Doc. 7) of the Plaintiff's circumstances, the district court, Smith, J., should sustain the Plaintiff's Objections.

I. **Preliminary Statement**

THe Plaintiff on March 24, 2008 filed to Objections to the Magistrate Judge's Memorandum And Order of March 20, 2008 (hereinafter "March 20 Order"). The crux of the Plaintiff's Objections were: (i) the Magistrate Judge's March 20 Order denying

the Plaintiff's Motion for Clarification (Doc. 6) was clearly erroneous, as the Court construed it as a motion for reconsideration, contrary to the relief requested in the Motion (See March 24 Objection at pp.2-3); and (ii) to the extent the Magistrate Judge's March 20 Order indicated a with prejudice denial, it was clearly erroneous.

## II. Discussion

### 1. Rule 72(a) Law

Fed.R.Civ.P. 72(a), which addresses non-dispositive matters, provides in pertinent part, as follows:

> "[w]ithin 10 days after being served...with...the magistrate judge's order, a party may serve and file objections to the order. ...[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion...found to be clearly errneous or contrary to law."

Id.

However, where a magistrate judge failed to notify a pro se Plaintiff of the possibility of forfeiture, as here in both the February 27 Order (Doc. 5) and March 20 Order (Doc. 7), the First Circuit has excused default. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

In the instant case, the Plaintiff did not object to the February 27 Order because, inter alia, it did not clarify as to whether or not the said denial was with or without prejudice and it did not provide any notice to the pro se Plaintiff. Upon receiving the Magistrate Judge's March 20 Order, to the extent, it implied that the Court's February 27 Order was with prejudice , the Plaintiff mailed his Objection on March 24, 2008 (See March 24 Objection at p.3) and is now filing this supplement.

Accordingly, the Plaintiff's Objection to the March 20 Order is timely, and to the extent his Objection to the February 27 Order is untimely, such default should be excused.

2. Analysis of Plaintiff's Exceptional Circumstances

The Magistrate Judge's February 27 Order and March 20 Order were terse on details or any analysis of the circumstances of the Plaintiff's situation. Accordingly, the Plaintiff asks that the District Court, Smith, J., to conduct that inquiry, for at least, appellate review down the road if necessary. The Plaintiff further files this Objection, as were the Plaintiff not to object at all, his arguments would be forfeited. See Valencia supra at 792 F.2d 4, 6 (noting that relief is provided for untimely objection, not for arguments that were not raised in the district court at all).

To the extent the Magistrate Judge's Order was with prejudice it includes no analysis of the circumstances of the Plaintiff and the legal and factual issues of this case as is contemplated by 28 U.S.C. §1915(d) and well established First Circuit case law as discussed in the Plaintiff's March 24 Objection at pp. 3-11. As discussed in the said Objection, the Plaintiff's situation is clearly different. ANd, for example, where the Court does not consider the individual facts of a Plaintiff's claims, some circuits have reversed as an abuse of discretion. See Hode v. Police Officers, 802 F.2d 58, 62 (2d Cir. 1986)(holding that "[i]n declining to appoint counsel for Hodge, Judge Lowe did not excercise her discretion in accordance with these rules. ...[b]ecause the trial court did not consider the appropriate factors in exercising its discretion, we reverse the decision not to appoint counsel and remand." Id.)

has not been able to secure any assistance to make the remaining copies. Thus, the Plaintiff is left with the choice of editing his Complaint and filing an amended Complaint devoid of the necessary facts and potentially foregoing a meritorious claim or requesting the assistance of this Court.

Next, assuming arguendo, that the Plaintiff had no choice but to amend the Complaint to a size where he can secure the necessary copies to properly serve the Defendants, the same logistical issue will come up, again, during initial motions for summary judgment and/or discovery. Again, there are eighteen (18) Defendants to this action, and in terms of discovery, the Plaintiff has voluminous files of Donald W. Wyatt Health Requests, Grievances, and pictures of the physical damage, and each of these Defendants will need to be served. Therefore, under these circumstances, the Plaintiff does not have ready access to make such copies; the facility where the Plaintiff is incarcerated has stated that "it is not required to act as acopying center [for the Plaintiff]"; and the Plaintiff will be requird to make repeated applications to the Court as the litigation progresses at the very least, to effect service. And, several circuits have held that Courts should "consider whether appointment of counsel would lead to a quicker and more just result by sharpening the issues and shaping examination." See Ulmer v. Chancellor, 691 F.2d 213 (5th Cir. 1982). In point of fact, were counsel appointed in this case many of the filings could be done through the Court's ECF system.

Next, the Plaintiff's current incarceration will end on September 24, 2008; however, because the Plaintiff is a political asylee in this country from Turkey, he will be taken into Immigration

And Customs Enforcement ("ICE") custody as his offense of wire fraud may constitute, as alleged by ICE, an "aggravated felony" pursuant to 8 U.S.C. §1103, and thus he will be ineligible for bail due to 8 U.S.C. §1226(c). Complicating this matter further is, even if a final order of removal is entered at the conclusion of such immigration proceedings, the Republic of Turkey Consulate has stated that it will not issue travel documents to the Plaintiff. The Plaintiff at that stage may only have relief available under 8 U.S.C. §1231, however, under any scenario the Plaintiff faces a very uncertain future.

Finally, whether viewed under the standards established by the First Circuit or Second Circuit, a detailed analysis of the Plaintiff's situation is still required. Several Circuits have held, inter alia: "This is not to say that all, or indeed any, of the factors must be controlling in a particular case. Each case must be decided on its own facts. In deciding whether to appoint counsel, however, the district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." Hodge v. Police Officers, Id.

See also Manning v. Lockhart, 623 F.2d 536 (8th Cir. 1980)(where counsel was appointed for a pro se prisoner because his claim of assault by Warden turned on the credibility of their testimony).

(b) DesRosiers Analysis

In the instant case, the Plaintiff must be familiar and be able to introduce medical and/or expert testimony, and he cannot. Moreover, a substantial part of the case will turn on credibility determinations. And, unlike DesRosiers, supra at 949 F.2d 15 (1st Cir. 1991), the Plaintiff has been granted leave to proceed in forma pauperis; has drafted all of the pleadings with the assistance of legal id in North Carolina and not by himself (emphasis added); and as noted in the Complaint the Plaintiff has a documented mental impairment, that is, significant past suicidal tendencies since being incarcerated at the Donald W. Wyatt Detention Facility. Therefore, the February 27 Order's conclusion that "plaintiff's filings demonstrate that he is able to present the facts and the issues himself" (Id.) was clearly erroneous. Reading and signing pleadings researched and drafted by others who are professionals does not demonstrate his ability to litigate this case on his own. Finally, unlike DesRosiers supra, the Plaintiff has been unable to find any contingency fee attorneys, as all of the lawyers listed in the Plaintiff's Motion for Appoint of Counsel (Doc. 2), which the Plaintiff has contacted (p.2), quoted the Plaintiff hourly rates of between $300 to $800 per hour.

## III. **Conclusion**

For the foregoing reasons, the Court should sustain the Plaintiff's Objections, and grant any further and other relief, as it deems just and proper in light of the circumstances.

Dated: March 25, 2008

Respectfully submitted,

Hakan Yalincak Pro Se
Reg. No. 15662-014
RCI
P.O. Box 630
Winton, NC 27986

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing document was mailed this 25th day of March, 2008, via first-class mail, postage pre-paid, by depositing a copy of the same in the RCI inmate legal mailbox addressed as follows:

Richard Crane, Esq.
or Acting General Counsel of
Cornell Companies, Inc.
1700 West Loop South, Suite 1500
Houston, TX 77027

Individual Donald W. Wyatt Defendants
at 950 High St.
Central Falls, RI 02863

Hakan Yalincak