Exhibit A to Supplement

Hodge v. Police Officers
C.A.2 (N.Y.),1986.

United States Court of Appeals,Second Circuit.
Allen HODGE, Plaintiff-Appellant,
v.
POLICE OFFICERS: Colon, # 623; and Repuerto, # 145, Defendants-Appellees.
**No. 5, Docket 84-2386.**

Argued Aug. 27, 1986.
Decided Sept. 29, 1986.

Indigent brought civil rights action against police officers who had arrested him. The United States District Court for the Southern District of New York, Mary Johnson Lowe, J., dismissed complaint after declining to appoint counsel, and plaintiff appealed. The Court of Appeals, Feinberg, Chief Judge, held that trial judge did not properly exercise her discretion in declining to appoint counsel for indigent.

Vacated and remanded.

West Headnotes

**[1] Federal Civil Procedure 170A 1951**

170A Federal Civil Procedure
170AXV Trial
170AXV(A) In General
170Ak1951 k. In General. Most Cited Cases

In deciding whether to appoint counsel for indigent civil litigants pursuant to federal statute, district judge should first determine whether the indigent's position seems likely to be of substance; if claim meets the threshold requirement, court should then consider indigent's ability to investigate crucial facts, whether conflicting evidence implicating need for cross-examination will be major proof presented to fact finder, indigent's ability to present the case, complexity of legal issues and any special reason in that case why appointment of counsel would be more likely to lead to just determination. 28 U.S.C.A. § 1915(d).

**[2] Federal Civil Procedure 170A 1951**

170A Federal Civil Procedure
170AXV Trial
170AXV(A) In General
170Ak1951 k. In General. Most Cited Cases

Trial judge did not properly exercise her discretion in declining to appoint counsel for indigent litigant in his civil action against police officers who arrested him, where trial judge did not consider whether indigent's claim was likely to be of substance and weighed fact that case would largely turn on conflicting testimony against appointment. 28 U.S.C.A. § 1915(d).

***58** Stephen M. Latimer, Prisoners' Legal Services, New York City, for plaintiff-appellant.
Trudi Mara Schleifer, New York City, (Asst. Corp. Counsel of the City of New York, Frederick A.O. Schwarz, Jr., Corp. Counsel of the City of New York, Francis F. Caputo, Asst. Corp. Counsel, of Counsel), for defendants-appellees.

***59** Before FEINBERG, Chief Judge, CARDAMONE, Circuit Judge and KELLEHER, [FN*] District Judge.

FN* Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation.

FEINBERG, Chief Judge:

This case presents the important question of what criteria to use in deciding whether to appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(d). Allen Hodge appeals from a judgment of the United States District Court for the Southern District of New York, Mary Johnson

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

this provision. *Miller v. Pleasure,* 296 F.2d 283, 284 (2d Cir.1961), *cert. denied,*370 U.S. 964, 82 S.Ct. 1592, 8 L.Ed.2d 830 (1962). But that does not mean that a court can do whatever it pleases. A court must exercise its discretion in accordance with sound legal principles, and its decision is subject to review for abuse of that discretion. See *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 416, 95 S.Ct. 2362, 2370, 45 L.Ed.2d 280 (1975); *Jenkins v. Chemical Bank,* 721 F.2d 876, 879 (1983).

Clear legal principles in this circuit governing § 1915(d) appointment of counsel are few. Of course, the statute must be understood to guarantee indigents "meaningful access" to the courts as required by the Constitution, *Bounds v. Smith,* 430 U.S. 817, 823, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977), but no court has yet held "meaningful access" to mean that indigents must always be supplied with counsel in civil as well as criminal cases. *In re Martin-Trigona,* 737 F.2d 1254, 1260 (2d Cir.1984). In this circuit, *Miller v. Pleasure* held that where "the plaintiff's claims are so highly dubious that a judge cannot properly ask a member of the bar to assume this thankless burden," appointment of counsel is properly denied. 296 F.2d at 285. In habeas corpus cases, counsel must be appointed for qualified indigents when a hearing is required; the court may appoint counsel at an earlier stage if it deems appointment desirable. Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(c) and Advisory Committee Notes.

This court has also examined the standards for appointment of counsel in Title VII suits. In *Jenkins v. Chemical Bank,* we held that under that statute "an attorney need [not] be appointed in every case which survives a motion to dismiss.... Plaintiff's ability to gather and present crucial facts should be heeded, as should the complexity of the legal issues raised in the complaint." 721 F.2d at 880 (citing *Merritt v. Faulkner,* 697 F.2d 761, 764 (7th Cir.), *cert. denied,*464 U.S. 986, 104 S.Ct. 434, 78 L.Ed.2d 366 (1983)). We emphasized there, however, that those factors were not intended as an exclusive list. Thus, the rules for appointing counsel in the context of § 1915(d) have not been squarely settled in this circuit.

Other circuits have more frequently discussed the guidelines for the exercise of § 1915(d) discretion. The leading case is *Maclin v. Freake,* 650 F.2d 885 (7th Cir.1981) (per curiam). In *Maclin,* a paraplegic prisoner brought a § 1983 suit claiming a prison doctor had failed to provide him promised medication and therapy, and that the doctor thereby made his condition worse. In reversing the district court's refusal to appoint counsel, the Seventh Circuit cited a variety of factors trial judges should consider in § 1915(d) decisions.

As a threshold matter, the Seventh Circuit explained, the district court must consider the merits of the indigent's claim. "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." 650 F.2d at 887 (citing *Miller,* 296 F.2d 283). As indicated above, this is already part of the law in this circuit, and it is a requirement that must be taken seriously. If mere bald assertions by an indigent, which technically put a fact in issue and suffice to avert summary judgment, required appointment of an attorney under § 1915(d), the demand for such representation could be overwhelming. If, however, the indigent appears to have some chance ***61** of success, the *Maclin* case cites other factors the trial judge should consider.

One such consideration is the nature of the factual issues the claim presents. For example, the case might require substantial factual investigation. An indigent prisoner bringing such a case would be unable to conduct the investigation; these circumstances would militate toward appointing counsel. *Maclin,* 650 F.2d at 887 (citing *Peterson v. Nadler,* 452 F.2d 754 (8th Cir.1971) (per curiam) (prisoner suing former attorney for conversion of automobile unable to investigate substance of attorney's proposed defenses; counsel appointed)). The *Maclin* court also felt that if a case's factual issues turn on

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

credibility, this should weigh on the side of appointing counsel since "it is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and in cross-examination." 650 F.2d at 888. The *Maclin* court cited *Manning v. Lockhart,* 623 F.2d 536 (8th Cir.1980), where counsel was appointed for a pro se prisoner because his claim of assault by the warden turned on the credibility of their testimony.

Another factor cited by the *Maclin* court is the plaintiff's apparent ability to present the case. 650 F.2d at 888. This factor was well articulated in *Gordon v. Leeke,* 574 F.2d 1147 (4th Cir.), *cert. denied,*439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978), which noted that "counsel will certainly be in a far better position to assist the litigant and the court than will the judge who chooses instead to struggle with an unlearned and sometimes barely literate prisoner." *Id.* at 1154-55 (Hall, J., dissenting on other grounds) (footnote omitted). See also *Hudak v. Curators of the University of Missouri,* 586 F.2d 105 (8th Cir.1978), *cert. denied,*440 U.S. 985, 99 S.Ct. 1799, 60 L.Ed.2d 247 (1979) (refusal to appoint counsel for indigent former law professor upheld). Finally, the *Maclin* court felt, for obvious reasons, that the trial judge should be more inclined to appoint counsel if the legal issues presented are complex. 650 F.2d at 888-89.

The *Maclin* factors have been generally followed in other circuits. See *Whisenant v. Yuam,* 739 F.2d 160 (4th Cir.1984); *Ulmer v. Chancellor,* 691 F.2d 209 (5th Cir.1982). Yet, the *Maclin* court did not intend the factors it listed to be the only ones used in exercising § 1915(d) discretion, 650 F.2d at 889, and they have not been treated as such, see *Ulmer,* 691 F.2d at 213 (court should also consider whether appointment of counsel would lead to a quicker and more just result by sharpening the issues and shaping examination). Furthermore, some courts have held that the indigent's efforts to obtain counsel should be considered, see *Ulmer,* 691 F.2d at 213. Cf. *Jenkins,* 721 F.2d at 880. In our view, the language of the statute itself requires that the indigent be unable to obtain counsel before appointment will even be considered.

We think the factors described in *Maclin* are appropriate for the trial court to consider in exercising its discretion to appoint counsel pursuant to 28 U.S.C. § 1915(d). We recognize that some circuits appear to take a more stringent approach than *Maclin* to appointment of counsel, see *Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir.1980) (appointment only in "exceptional circumstances"), while others use a test that seems less demanding than the *Maclin* criteria, see *Hahn v. McLey,* 737 F.2d 771, 774 (8th Cir.1984) (per curiam) (appointment "upon request," if "colorable" claim presented). In our view, however, the *Maclin* factors find the proper middle ground.

[1] This is not to say that all, or indeed any, of the factors must be controlling in a particular case. Each case must be decided on its own facts. In deciding whether to appoint counsel, however, the district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the ***62** fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

III. Conclusion

[2] In refusing to appoint counsel for Hodge, Judge Lowe did not exercise her discretion in accordance with these rules. Her opinion declining to appoint counsel does not show that she considered whether Hodge's claim was likely to be of substance. Furthermore, that the case would largely turn on conflicting testimony seemed to weigh

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

against appointment in her decision rather than in favor. Because the trial court did not consider the appropriate factors in exercising its discretion, we reverse the decision not to appoint counsel and remand.

On remand, the district court should exercise its discretion based on the record at the time of Hodge's pre-trial requests for counsel. "The question of appointment of an attorney is a preliminary inquiry and should not be based upon the evidence adduced at trial." *Jenkins v. Chemical Bank,* 721 F.2d at 880. Accord, *Branch v. Cole,* 686 F.2d 264 (5th Cir.1982). In making this determination, the district court should also examine the records of Hodge's criminal trials to see if the issues litigated or evidence produced in those proceedings affect the substantiality of Hodge's civil rights claim. If, from this perspective, the trial court finds that Hodge's claim did appear likely to be of substance and that the other factors weighed in favor of appointment, counsel should be appointed. The burden would remain on Hodge and his newly appointed counsel, however, to present evidence to the district court demonstrating that the earlier failure to appoint counsel was prejudicial. *Jenkins,* 721 F.2d at 880. If this burden is met, a new trial should be ordered.

Accordingly, we vacate and remand for proceedings consistent with this opinion.

C.A.2 (N.Y.),1986.
Hodge v. Police Officers
802 F.2d 58, 55 USLW 2205

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.