Hale Yalincak
785 Terryville Ave.
Apt. A-3
Bristol, CT 06010
(860) 261-4301 Tel.

RECEIVED
MAR 28 2008
Property of U.S. District Court
... of Rhode Island

March 24, 2008

VIA U.S. MAIL

The Honorable William E. Smith
United States District Judge
United States District Court
for the District of Rhode Island
Federal Courthouse
One Exchange Terrace
Providence, RI 2093

In re: Yalincak v. Cornell Companies, Inc., et al., Case No. 1:08-cv-0057-S-JH

Dear Judge Smith:

I am the Plaintiff, Hakan Yalincak's, sister, Hale Yalincak ("Mrs. Yalincak"), in the above referenced matter. I am not a party to this action, however, I am intimately familiar with the facts of this case and will most likely be a witness if the case proceeds to that stage.

I write in regards to the Plaintiff's Motion for Appointment of Counsel (Doc. 2), which was denied by Hagopian, M.J. (Doc. 5).

The purpose of this letter is to address two additional issues in suport of the Plaintiff's Objections. Specifically, the Magistrate Judge's conclusions that the Plaintiff's "filings demonstrate that he is able to present the facts and the issues himself" and "[t]he issues prsented in the complaint are not so complex..."

First, as mentioned in the Plaintiff's Objection, all of the legal pleadings are being drafted with the assistance of a legal service at the Plaintiff's place of incarceration, and the Plaintiff's family members. I am 20 years old myself, and a college student who hopes to one day become a lawyer. However, neither I, nor the aid that is being provided to my brother [Plaintiff] at his current facility, demonstrate that the Plaintiff can represent himself. The incidents described in the Complaint, specifically, Complaint at ¶¶82-113, have left my brother traumatized and a shell of his former self. In that incident, my brother attempted to

complete suicide and the Defendants did not provide him adequate medical care, because, he injured himself, and they contended that they were not required to treat deliberate self injury. At the time of these events, both my father and I, repeatedly, contacted the Defendants to get my brother medical attention and none was provided.

In sum to attribute the drafting and researching of the Complaint to the Plaintiff completely, is not correct in this instance.

Next, the issues are complex, as Bivens liability of the Defendants will need to be addressed, or the Complaint amended to raise the constitutional claims under Bivens, as opposed to §1983, and there is a question as to whether some of the claims should be raised under the Fifth and Fourteenth Amendment of the Constitution versus only the Eighth Amendment, since the Plaintiff was not a pretrial detainee for his entire stay at the Donald W. Wyatt Detention Facility.

Further, this complexity was demonstrated in a ruling by this Court in Sarro v. Cornell Corrections, Inc.., 248 F.Supp.2d 52 (D.RI.2003)(Torres, Ch.J.). And in Sarro the Court, Torrest, Ch.J., did appoint counsel. Undoubtedly, this case will again, revist the same complex issues as in Malesko, which have still not been fully developed in the First Circuit and which several circuits still have rendered conflicting opinions regarding the liability of the corporate versus individual defendants.

The purpose of my brother's Objections, and this letter, is to highlight the foregoing, as the Magistrate Judge, did not seem to provide any detailed analysis of my brother's situation as outlined in the said Objections. Therefore, to the extent, the Court denied the Plaintiff's Motion to Appoint Counsel with prejudice, the Objections should be sustained, as even if the Court is not inclined to Appoint Counsel at this stage, it may wish to do so at a later stage, and completely foreclosing that possibility, at this juncture, is premature.

Finally, aside from notifying the Court that the Plaintiff, alone, is not drafting these pleadings, and that in light of Sarro, the issues are complex, there is also other extraordinary circumstances as detailed in the said Objetions and in the Complaint (¶99), and therefore, the Court should not completely foreclose the appointment of counsel at this point.

Again, I am not party to this lawsuit, however, I believe the Court should be fully apprised of all of the facts surrounding the Plaintiff, in deciding whether to appoint counsel.

I thank You Honor for your consideration of the foregoing.

Very truly yours,

Hale Yalincak

Hale Yalincak

cc: Hakan Yalincak