UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HAKAN YALINCAK, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 1:08-CV-00057-S-JH |
| CORNELL COMPANIES, INC., ET AL., | : | |
| Defendants. | : | MAY 29, 2008 |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO EXTEND TIME

THe Plaintiff, Hakan Yalincak ("Yalincak" or "Plaintiff"), in the above-entitled matters files this Response to Defendants' Motion to Extend Time ("Def.Mot.Ext.") dated May 23, 2008 (Doc. 22) and respectfully states the following:

(1) The Plaintiff does **not object** to a brief extension of time for the Defendants to file an answer or otherwise move against the Complaint. However, the Plaintiff states that the Defendants have not advised of how much time they require. (See Doc. 22). The Plaintiff consents to an extension of time until and including June 23, 2008 (i.e., 30 days from date of appearance).

(2) The Plaintiff filed an Amended Complaint on or about May 28, 2008 with the Court. [1] Additionally, the Plaintiff mailed a copy of the initial Complaint and Amended Complaint to all of the corporate defendants as follows: **Cornell Companies, Inc.**, c/o CT Corporation Systems, 10 Weybosset St., Providence, RI 02903;

FN1. The Plaintiff deposited the Amended Complaint in the RCI facility legal mail box, postage prepaid on this date. Under Supreme Court precedent, it is considered filed on the day it was mailed. See e.g., Houston v. Lack, 108 S.Ct. 2379 (1988).

**Cornell Corrections of Rhode Island, Inc.**, c/o CT Corporation Systems, 10 Weybosset St., Providence, RI 02903; **Central Falls Detention Facility Corp.**, 20 Centerville Road, Warwick, RI 02903, Attention Christopher M. Orton, Esq. In addition, to ensure that these corporate defendants have been properly served and have actual knowledge of the lawsuit, they were also mailed the Notice of Lawsuit and Request for Waiver of Service of Summons forms in accordance with Fed.R.Civ.P. 4(d) at the foregoing addresses. ALso, upon receipt of Defendants' counsel's appearance, a copy of the lawsuit, together with the same forms in accordance with Fed.R.Civ.P. 4(d) was mailed to Defendants' counsel for the corporate defendants.

(3) In addition, on behalf of all of the individual defendants, on May 28, 2008, the Plaintiff mailed the defendants' counsel the Notice of Lawsuit and Request for Waiver of Service Summons forms in accordance with Fed.R.Civ.P. 4(d) for each of the individual defendants.

(4) In the event the Defendants argue that the U.S. Marshals Service's service of process was insufficient (Doc. 22, Def.Mot.Ext. at p. 1 n.1), all of the Defendants now have actual notice of the lawsuit and since they have been provided the forms in accordance with Fed.R.Civ.P. 4(d), they have a statutory duty to avoid unnecessary costs, and have not suffered any prejudice. See Hakan Yalincak v. Michael Sherman, et al., Case No. 3:07-CV-00170 (AHN), (Not Reported in F.Supp.), 2007 WL 3046262 at *2 (D.Conn.)(denying motion to dismiss for improper service, and lack of personal

jurisdiction and imposing costs of service of process by the U.S. Marshals on the defendants.). Moreover, the Plaintiff cannot, and does not control, how the U.S. Marshals Service chooses to effect service of process. See Romandette v. Weetabix Company, Inc., 807 F.2d 309, 311 (2d Cir. 1986).

(5) However, to ensure that the Defendants have received process, and have actual notice of the lawsuit Romandette, supra, Yalincak, supra, the Plaintiff has provided all of the Defendants an opportunity to waive service of summons in accordance with Fed.R.Civ.P. 4(d).

(6) Accordingly, in the event the Defendants seek to raise these defenses and they are accepted by the Court the Plaintiff should be allowed an extension of time pursuant to Fed.R.Civ.P. 4(m), and the Plaintiff should be granted costs pursuant to Fed.R.Civ.P. 4(d)(2). See Yalincak, at 2007 WL 3046262 * 2 (D.Conn. 2007); see also Stapo Indus. Inc., v. M/V Henry Hudson Bridge, 190 F.R.D. 124, 125-26 (S.D.N.Y. 1999).

**WHEREFORE,** the Plaintiff does not object to a brief extension of time for the Defendants to file an answer, however, objects to any alegations of improper service as the Defendants have actual notice of the lawsuit and have been provided an opportunity to waive formal service of summons, in light of their statutory duty to avoid unnecessary costs pursuant to Fed.R.Civ.P. 4(d).

Respectfully submitted,
By Hakan Yalincak Pro Se

Hakan Yalincak Pro Se
Reg. No. 15662-014

RCI
P.O. Box 630
Winton, NC 27986
(252) 358-5200 Tel.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing RESPONSE TO DEFENDANTS' MOTION TO EXTEND TIME was mailed this 29th day of May, 2008, via first class mail, postage prepaid by depositing a copy of the same in the RCI legal mailbox addressed as follows:

Dennis T. Grieco, II, Esq.
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903

Clerk of the Court
U.S. District Court
District of Rhode Island
One Exchange Terrace
Providence, RI 02903

[signature]
Hakan Yalincak