100. Between November 11, 2006 and December 20, 2006, the Plaintiff's family, friends, and all of the attorneys listed previously, repeatedly contacted the Wyatt staff, and as a result the Plaintiff was called into Defendant Toolin's office on at least three (3) occasions where Defendants Lugo, Singleton, Carlton, Botello, Toolin, and Sgt. Gomes told the Plaintiff to "tell your family to stop calling us" and Defendant Lugo, for example, played a tape recording of the Plaintiff's sister and father's voicemail, and again, reiterated that the Plaintiff's family and attorneys should stop calling. Additionally, the Defendants informed the Plaintiff that Defendant Warden Salisbury "concurred" in their advice. Despite the Plaintiff's continued request for medical attention for his gash, such as stitches and antibiotics, so scarring would be minimized and antibiotics to treat his infection, the Defendants ignored the Plaintiff's request.

101. In addition, the Plaintiff was advised by Wyatt medical personnel when he showed his gash to a medline worker, and requested assistance with the pus that was starting to ooze out of his arm, that he would "just have to suffer" by Defendant C.O. Morales.

102. During the time period of November 1, 2006 through December 20, 2006, the Plaintiff was never seen by the Wyatt medical doctor, Defendant Riedel.

103. During the time period of November 1, 2006, the date the gash was first discovered by Defendant Cerbo, till the date he was released on bail pending sentence by the sentencing court

on January 5, 2007 to receive treatment and counseling, the Plaintiff was, not once, seen by the Wyatt medical doctor, Defendant John Riedel, for his gash or infection.

104. From October 29, 2006 to January 5, 2007, it was apparent that Plaintiff was seriously injured, in severe pain, and in need of immediate medical attention. Nevertheless, none of the Cornell staff who had contact with Plaintiff sought medical attention on his behalf.

(b) Harm to Plaintiff

105. As a result of the Defendants' failure to provide adequate medical treatment to the October 29, 2006 incident, as described herein, it caused the Plaintiff substantial blood loss, a permanent 8.5" scar on his left forearm, and other significant injury.

106. As a result of the Defendants' deliberate indifference, reckless and callous indifference in failing to provide adequate medical treatment, as described herein, Plaintiff suffered and continues to suffer, chronic and substantial physical pain and physical impairment in his left arm.

107. As a result of the Defendants' deliherate indifference, reckless and callous indifference in failing to provide Constitutionally adequate treatment, as described herein, Plaintiff has suffered serious emotional and mental harm including flashbacks and nightmares.

108. Defendant Salisbury, Defendant Doe 1, and Defendant Riedel, as employees of Cornell, knew to a moral certainty that they are charged with administering and providing inmates with Constitutionally adequate medical and mental health care.

109. Defendant Salisbury, Defendant Doe 1, and Defendant Riedel knew that proper training and supervision of the nursing staff at Wyatt was necessary to adequately provide inmates with Constitutionally adequate medical and mental health care and were deliberately indifferent, grossly negligent, and acted with reckless disregard in administering medical health care to the Plaintiff in response to the October 29, 2006 incident with excessive risk to his health and safety, and such conduct was done without lawful justification and was designed to and did deprive Plaintiff of his rights guaranteed by the Eighth Amendment to the U.S. Constitution.

110. The conduct of Defendants Salisbury, Defendant Doe 1, and Defendant Riedel in failing to provide adequate training and supervision to the Wyatt medical staff and correctional officers, and their failure to treat the Plaintiff, other than providing the Plaintiff with gauze for his gash, despite his repeated requests that he be taken to a hospital to receive stitches and be placed on antibiotics, involved reckless or callous indifference to Plaintiff's federally protected rights.

111. The Defendants' organizations, systems, policies, procedures, practices, acts, and omissions all evidence and constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

112. The actions of the Defendants, as described herein, involved evil motive or intent, and caused the Defendant irreperable physical and emotional harm.

113. On or about January 5, 2007, the Plaintiff was released from Wyatt and continues to the present to suffer substantial physical and mental harm.

## CLAIMS FOR RELIEF

### First Claim for Relief

### (Constitutional Violations-Cornell)

114. Paragraphs 1 through 113, above, are repeated and realleged as if fully set forth herein.

115. Defendant Cornell employs all of the individual Defendants named herein.

116. Because it has undertaken the government's Constitutional duty to provide adequate medical and mental health care to prisoners in its custody, Defendant Cornell was and is a government actor with respect to all its actions and omissions complained of herein.

117. Defendant Cornell's deliberate indifference to Plaintiff's serious medical and mental health needs has caused and continues to cause avoidable pain, mental suffering, and deterioration of Plaintiff's health, resulting in the unnecessary and wanton infliction of pain on Plaintiff, and depriving Plaintiff of his right to be free from cruel and unusual punishment guaranteed by the Eighth Amendment to the United States Constitution.

118. Defendant Cornell's actions, as described herein, was motivated by evil motive or intent, or involved reckless and callous indiffference to Plaintiff's federally protected rights.

119. As a proximate result of Defendant Cornell's organizations, systems, policies, procedures, practices, acts, and omissions at Wyatt, the Plaintiff was deprived of his right to be free from cruel and unusual punishment guaranteed by the Eighth Amendment to the United States Constitution.

120. Defendant Cornell was aware of the organizations, systems, policies, procedures, practices, acts, and omissions at Wyatt, had a realistic opportunity to prevent the medical and mental harm to Plaintiff, and yet failed to prevent the serious medical and mental harm caused to the Plaintiff, thereby depriving the Plaintiff of his right to be free from cruel and unusual punishment guaranteed by the Eighth Amendment to the United States Constitution.

121. As a direct and proximate result of Defendant Cornell's actions and omissions complained of herein, Plaintiff suffered significant injury, including serious physical harm, excruciating pain, and emotional distress, entitling Plaintiff to damages in an amount to be determined at trial. In addition, Plaintiff is entitled to punitive damages.

## Second Claim for Relief

### (Constitutional Violations-Defendant Cornell, Defendant Warden Salisbury, Defendant Associate Warden Doe 1, Defendant Riedel, And Defendant Cerbo)

122. Paragraphs 1 through 121, above, are repeated and realleged as if fully set forth herein.

123. Defendant Cornell, Defendant Warden Salisbury, Defendant Associate Warden Doe 1, Defendant Riedel, and Defendant Cerbo, as operators of Wyatt, and employees of Cornell, knew

to a moral certainty that they were charged with administering and providing the Plaintiff with Constitutionally adequate medical and mental health care.

124. Defendant Warden Salisbury, Defendant Associate Warden Doe 1, Defendant Riedel, and Defendant Cerbo, by virtue of their employment by Defendant Cornell, and as operators of Wyatt, were acting under color of federal law.

125. Defendant Cornell, Defendant Warden Salisbury, Defendant Associate Warden Doe 1, Defendant Riedel, and Defendant Cerbo's deliberate indifference to Plaintiff's serious medical and mental health needs has caused and continues to cause avoidable pain, mental suffering, and deterioration of Plaintiff's health, resulting in the unnecessary and wanton infliction of pain on Plaintiff, and depriving Plaintiff of his right to be free from cruel and unusual punishment guaranteed by the Eighth Amendment to the United States Constitution.

126. Defendant Cornell, Defendant Warden Salisbury, Defendant Associate Warden Doe 1, Defendant Riedel, and Defendant Cerbo's actions, as described herein, were motivated by evil motive or intent, or involved reckless and callous indifference to Plaintiff's federally protected rights.

127. Defendant Cornell, Defendant Warden Salisbury, Defendant Associate Warden Doe 1, Defendant Riedel, and Defendant Cerbo knew that proper training, staffing, and supervision of the nursing staff, medical staff, and correctional officers

was necessary to adequately provide inmates with Constitutionally adequate medical and mental health care and were deliberately indifferent, grossly negligent, and acted with reckless disregard in administering medical health care to the Plaintiff in response to the November 21, 2005, September 20, 2006, and October 29, 2006 incidents with excessive risk to his health and safety, and such conduct was done without lawful justification and was designed to and did deprive Plaintiff of his rights guaranteed by the Eighth Amendment to the United States Constitution.

128. Defendant Cornell, Defendant Warden Salisbury, Defendant Associate Warden Doe 1, and Defendant Cerbo were aware of the organizations, systems, policies, procedures, practices, acts, and omissions at Wyatt, had a realistic opportunity to prevent the serious medical and mental harm caused to the Plaintiff, thereby depriving Plaintiff of his right to be free from cruel and unusual punishment guaranteed by the Eighth Amendment to the United States Constitution.

129. As a proximate result of Defendant Cornell's organizations, systems, policies, procedures, practices, acts, and omissions at Wyatt, the Plaintiff was deprived of his right to be free from cruel and unusual punishment guaranteed by the Eighth Amendment to the United States Constitution.

130. As a direct and proximate result of Defendant Cornell's actions and omissions complained of herein, Plaintiff suffered significant injury, including serious physical harm, excruciating pain, and emotional distress, entitling Plaintiff

to damages in an amount to be determined at trial. In addition, Plaintiff is entitled to punitive damages.

## Third Claim for Relief

### (Constitutional Violations-Defendant Cornell, Defendant Singleton, Lugo, Carlton, Toolin, Botello, Sgt. Gomes, Lt. Mougenot, And Sgt. Doe 5)

131. Paragraphs 1 through 130, above, are repeated and realleged as if fully set forth herein.

132. Defendant Cornell, Defendant Singleton, Defendant Lugo, Defendant Carlton, Defendant Toolin, Defendant Botello, Defendant Sgt. Gomes, Defendant Lt. Mougenot, and Defendant Sgt. Doe 5, as operators of Wyatt, and employees of Cornell, knew to a moral certainty that they were charged with administering and providing the Plaintiff with Constitutionally adequate medical and mental health care.

133. Defendant Cornell, Defendant Singleton, Defendant Lugo, Defendant Carlton, Defendant Toolin, Defendant Botello, Defendant Sgt. Gomes, Defendant Lt. Mougenot, and Defendant Sgt. Doe 5, by virtue of their employment by Defendant Cornell, and as operators of Wyatt, were acting under color of federal law.

134. Defendant Cornell, Defendant Singleton, Defendant Lugo, Defendant Carlton, Defendant Toolin, Defendant Botello, Defendant Sgt. Gomes, Defendant Lt. Mougenot, and Defendant Sgt. Doe 5, by virtue of their employment by Defendant Cornell, and as operators of Wyatt, were deliberately indifferent to Plaintiff's serious medical and mental health needs, which caused

the Plaintiff, and continues to cause avoidable pain, mental suffering, and deterioration of Plaintiff's health, resulting in the unnecessary and wanton infliction of pain on Plaintiff, and depriving Plaintiff of his right to be free from cruel and unusual punishment guaranteed by the Eighth Amendment to the United States Constitution.

135. Defendant Cornell, Defendant Singleton, Defendant Lugo, Defendant Carlton, Defendant Toolin, Defendant Botello, Defendant Sgt. Gomes, Defendant Lt. Mougenot, and Defendant Sgt. Doe 5, as described herein, were motivated by evil motive or intent, or involved reckless and callous indifference to Plaintiff's federally protected rights.

136. Defendant Cornell, Defendant Singleton, Defendant Lugo, Defendant Carlton, Defendant Toolin, Defendant Botello, Defendant Sgt. Gomes, Defendant Lt. Mougenot, and Defendant Sgt. Doe 5 knew that proper training, staffing, and supervision of the correctional officers, counselors, nursing staff, and medical staff, was necessary to adequately provide inmates with Constitutionally adequate medical and mental health care and were deliberately indifferent, grossly negligent, and acted with reckless disregard in administering medical and mental health care to the Plaintiff in response to the November 21, 2005, September 20, 2006, and October 29, 2006 incidents with excessive risk to his health and safety, and such conduct was done without lawful justification and was designed to and did deprive Plaintiff of his rights guaranteed by the Eighth Amendment to the U.S. Constitution.

137. Defendant Cornell, Defendant Singleton, Defendant Lugo, Defendant Carlton, Defendant Toolin, Defendant Botello, Defendant Sgt. Gomes, Defendant Lt. Mougenot, and Defendant Sgt. Doe 5 were aware of the organizations, systems, policies, procedures, practices, acts, and omissions at Wyatt, had a realistic opportunity to prevent the serious medical and mental harm caused to the Plaintiff, thereby depriving Plaintiff of his right to be free from cruel and unusual punishment guaranteed by the Eighth Amendment to the United States Constitution.

138. As a proximate result of Defendant Cornell, Defendant Lugo, Defendant Carlton, Defendant Toolin, Defendant Botello, Defendant Sgt. Gomes, Defendant Lt. Mougenot, and Defendant Sgt. Doe 5's organizations, systems, policies, procedures, practices, acts, and omissions at Wyatt, the Plaintiff was deprived of his right to be free from cruel and unusual punishment guaranted by the Eighth Amendment to the United States Constitution.

139. As a direct and proximate result of Defendant Cornell, Defendant Lugo, Defendant Carlton, Toolin, Defendant Botello, Defendant Sgt. Gomes, Defendant Lt. Mougenot, and Defendant Sgt. Doe 5's actions and omissions complained of herein, Plaintiff suffered significant injury, including serious physical harm, excruciating pain, and emotional distress, entitling Plaintiff to damages in an amount to be determined at trial. In addition, Plaintiff is entitled to punitive damages.

## Fourth Claim for Relief

## (Constitutional Violations-Defendant Cornell, Defendant Buckless, Defendant Falcon, Defendant Morales, Defendant Nurse Maureen, And Defendant Nurse Lisa)

140. Paragraphs 1 through 139, above, are repeated and realleged as if fully set forth herein.

141. Defendant Cornell, Defendant C.O. Buckless, Defendant C.O. Falcon, Defendant C.O. Morales, Defendant Nurse Maureen, and Defendant Nurse Lisa, as operators of Wyatt, and employees of Cornell, knew to a moral certainty that they were charged with administering and providing the Plaintiff with Constitutionally adequate medical and mental health care.

142. Defendant Cornell, Defendant C.O. Buckless, Defendant C.O. Falcon, Defendant C.O. Morales, Defendant Nurse Maureen, and Defendant Nurse Lisa, by virtue of their employment by Defendant Cornell and as operators of Wyatt, were acting under color of federal law.

143. Defendant Cornell, Defendant C.O. Buckless, Defendant C.O. Falcon, Defendant C.O. Morales, Defendant Nurse Maureen, and Defendant Nurse Lisa, were deliberately indifferent to Plaintiff's serious medical and mental health needs, which caused the Plaintiff, and continues to cause

the Plaintiff, and continues to cause the Plaintiff avoidable pain, mental suffering, and deterioration of Plaintiff's health, resulting in the unnecessary and wanton infliction of pain on Plaintiff, and depriving Plaintiff of his right to be free from cruel and unusual punishment guaranteed by the Eighth Amendment to the United States Constitution.

144. Defendant Cornell, Defendant C.O. Buckless, Defendant C.O. Falcon, Defendant C.O. Morales, Defendant Nurse Maureen, and Defendant Nurse Lisa, were deliberately indifferent to Plaintiff's serious medical and mental health needs, as described herein, were motivated by evil motive or intent, or involved reckless and callous indifference to Plaintiff's federally protected rights.

145. Defendant Cornell, Defendant C.O. Buckless, Defendant C.O. Falcon, Defendant C.O. Morales, Defendant Nurse Maureen, and Defendant Lisa, were deliberately indifferent, grossly negligent, and acted with reckless disregard in administering medical and mental health care to the Plaintiff in response to the November 21, 2005, September 20, 2006, and October 29, 2006 incidents with excessive risk to his health and safety, and such conduct was done without lawful justification and was designed to and did deprive Plaintiff of his rights guaranteed by the Eighth Amendment to the U.S. Constitution.

146. Defendant Cornell, Defendant C.O. Buckless, Defendant C.O. Falcon, Defendant C.O. Morales, Defendant Nurse Maureen, and Defendant Nurse Lisa, were aware of the organizations,

systems, policies, procedures, practices, acts, and omissions at Wyatt, had a realistic opportunity to prevent the serious medical and mental harm caused to the Plaintiff, thereby depriving Plaintiff of his right to be free from cruel and unusual punishment guaranteed by the Eighth Amendment to the United States Constitution.

147. As a proximate result of Defendant Cornell, Defendant Buckless, Defendant C.O. Falcon, Defendant C.O. Morales, Defendant Nurse Maureen, and Defendant Nurse Lisa's organizations, systems, policies, procedures, practices, acts, and omissions at Wyatt, the Plaintiff was deprived of his right to be free from cruel and unusual punishment guaranteed by the Eighth Amendment to the United States Constitution.

148. As a direct and proximate result of Defendant Cornell, Defendant Buckless, Defendant C.O. Falcon, Defendant C.O. Morales, Defendant Nurse Maureen, and Defendant Nurse Lisa's actions and omissions complained of herein, Plaintiff suffered significant injury, including serious physical harm, excruciating pain, and emotional distress, entitling Plaintiff to damages in an amount to be determined at trial. In addition, Plaintiff is entitled to punitive damages.

## Fifth Claim for Relief

## (Negligence--As to All Defendants)

149. Paragraphs 1 through 148, above, are repeated and realleged as if fully set forth herein.

150. Because of the custodial relationship between Cornell and Wyatt prisoners, persons incarcerated at Wyatt were and are entirely dependent on Cornell for medical and mental health care. As a consequence of the custodial relationship, and by virtue of Cornell's explicit contractual duty to provide medical care to inmates that was commensurate with the well-established standards of care in the community, within the broader correctional industry, and under federal law, Cornell has a duty to provide reasonable medical and mental health care to the prisoners at Wyatt. Therefore, Cornell owed Plaintiff a duty of care while Plaintiff was incarcerated at Wyatt between June 16, 2005 and January 5, 2007.

151. By virtue of his position as Warden, Defendant Salisbury owed Plaintiff a duty of care.

152. By virtue of his position as Assistant Warden, Defendant Doe 1 owed Plaintiff a duty of care.

153. By virtue of her position as the Senior Counselor and Program Administrator, Defendant Singleton owed Plaintiff a duty of care.

154. By virtue of her position as the Senior Counselor and Program Administrator, Defendant Lugo owed Plaintiff a duty of care.

155. By virtue of his position as the Counselor for C-Unit (where, for a time the Plaintiff was held), and as Wyatt Grievance Coordinator, Defendant Toolin owed Plaintiff a duty of care.

156. By virtue of her position as the Counselor for A-Dorm and B-Unit lockdown (where, for a time, the Plaintiff was

held), Defendant Carlton owed Plaintiff a duty of care.

157. By virtue of his position as Captaion, and later Major, Defendant Botello owed Plaintiff a duty of care.

158. By virtue of her position as a correctional officer, Defendant Falcon owed Plaintiff a duty of care.

159. By virtue of her position as a correctional officer, Defendant Morales owed Plaintiff a duty of care.

160. By virtue of his position as Sergeant, Defendant Gomes owed Plaintiff a duty of care.

161. By virtue of her position as a nurse in the medical department who was responsible for the Plaintiff's medical and mental health treatment, Defendant Nurse Maureen owed Plaintiff a duty of care.

162. By virtue of her position as a nurse in the medical department who was responsible for the Plaintiff's medical and mental health treatment, Defendant Nurse Lisa owed Plaintiff a duty of care.

163. By virtue of his position as psychologist in the medical department who was responsible for the Plaintiff's medical and mental health care, Defendant Dr. Cerbo owed Plaintiff a duty of care.

164. By virtue of his position as the medical doctor in the Wyatt medical department who was responsible for the Plaintiff's medical and mental health care, Defendant Riedel owed Plaintiff a duty of care.

165. By virtue of his position as Lieutenant, Defendant Lieutenant Mougenot owed the Plaintiff a duty of care.

166. By virtue of his position as Sergeant, Defendant Doe 5 owed the Plaintiff a duty of care.

167. Through its organizations, systems, policies, practices, institutional conditions, acts, and omissions, Cornell deprived the Plaintiff of adequate medical and mental health care, all in breach of its duty of care to the Plaintiff. Cornell's acts and omissions constitute a breach of the standard of care owed by a reasonably prudent person in similar circumstances. Defendant Cornell's breaches include but are in no way limited to: (a) negligence in the hiring, training, supervision and retention of competent employees; (b) the failure to maintain an adequate level of qualified health care staff at Wyatt (i.e., Wyatt did not have a licensed psychiatrist); (c) the failure to monitor the actions and practices of health care staff; (d) the failure to oversee the treatment prescribed and administered by health care staff; (e) the failure to establish an adequate and reasonable method for distributing medication; (f) the failure to maintain adequate and reasonable policies and procedures governing prisoners' timely access to medical care; (g) the failure to provide timely medical, physical, and/or mental health counseling or therapy; (h) the failure to maintain adequate medicines and/or medical supplies and equipment; and (i) the failure to comply with numerous other statutory, regulartory, contractual, governmental, and industry standards

with respect to the provision of medical, and mental health care in correctional facilities.

168. As a direct and proximate result of Defendant Cornell's acts and omissions in breach of Cornell's duty of care, Plaintiff suffered significant injury, including serious physical harm, excruciating pain, and emotional suffering, and heightened risk of premature death, entitling Plaintiff to damages in an amount to be determined at trial. Cornell's conduct was a substantial factor in bringing about such harms, and a person of ordinary prudence could have reasonably foreseen that such harms would result. In addition, Plaintiff is entitled to punitive damages.

169. The Individual Defendants are all employed by Defendant Cornell, and as correctional officers, counselors, Warden, Associate Warden, Lieutenant, Sergeant, and medical personnel, collectively and individually owed the Plaintiff a duty of care.

170. The Individual Defendants' failure to seek immediate medical attention, and failure to provide adequate medical and mental health care, for Plaintiff's serious injuries breached the duty of care owed by those Defendants to Plaintiff.

171. The Individual Defendants' failure to seek immediate medical attention, and failure to provide adequate medical and mental health care, for Plaintiff's serious injuries breached the duty of care owed by those Defendants to Plaintiff and took place while those defendants were acting within the scope of their employment.

172. The Individual Defendants' failure to seek immediate medical attention for Plaintif's serious injuries was not based on any policy considerations.

173. As a direct result of the Individual Defendants' inaction, Plaintiff suffered significant injury, including serious harm, excruciating pain and emotional distress, entitling Plaintiff to damages in an amount to be determined at trial. In addition, Plaintiff is entitled to punitive damages.

## Sixth Claim for Relief

## (Medical Malpractice--Defendant Cornell, Defendant Riedel, Defendant Cerbo)

174. Paragraphs 1 through 173, above, are repeated and realleged as if fully set forth herein.

175. Because of the custodial relationship between Cornell and Wyatt prisoners, persons incarcerated at Wyatt were and are entirely dependent on Cornell, and its employees, for medical and mental health care. As a consequence of the custodial relationship, and by virtue of Cornell's explicit contractual duty to provide medical care to inmates that was commensurate with the well-established standards of care in the community, within the broader correctional industry, and under federal law, Cornell, and Defendant Riedel and Defendant Cerbo were part of a doctor-client relationship.

176. As a direct and proximate result of Defendant Cornell's and Defendant Riedel and Defendant Cerbo's acts and omissions, as complained of herein, the Plaintiff suffered significant injury, including serious physical harm, excruciating

pain, and emotional suffering, and this constituted a failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession and resulted in injury to the Plaintiff.

177. As a direct and proximate result of the Defendant Cornell, Defendant Riedel, and Defendant Cerbo's actions, as complained of herein, Plaintiff suffered significant injury, including serious harm, excruciating pain and emotional distress, entitling Plaintiff to damages in an amount to be determined at trial. In addition, Plaintiff is entitled to punitive damages.

## Seventh Claim for Relief

## (Intentional Infliction of Emotional Distress--As to All Defendants)

178. Paragraphs 1 through 177, above, are repeated and realleged as if fully set forth herein.

179. The Defendants herein intended to inflict emotional distress by virtue of their acts and omissions, as complained of herein, or in the alternative, the Defendants knew or should have known that emotional distress was the likely result of their conduct.

180. The conduct, as complained of herein, was extreme and outrageous and surpassed all bounds tolerated by a civilized society.

181. As a direct result of the Defendants acts or omissions, as complained of herein, Plaintiff sufferd significant

injury, including serious harm, excruciating pain and emotional distress, entitling Plaintiff to damages in an amount to be determined at trial. In addition, Plaintiff is entitled to punitive damages.

**Eighth Claim for Relief**

**(Negligent Infliction of Emotional Distress--As to All Defendants)**

182. Paragraphs 1 through 181, above, are repeated and realleged as if fully set forth herein.

183. The allegations contained in the Seventh Claim for Relief, supra, in the alternative, constitute Negligent Infliction of Emotional Distress, if not Intentional Infliction of Emotional Distress.

184. The Defendants should have realized that their conduct involved an unreasonable risk of causing emotional distress, and if it were caused, might result in illness or bodily harm.

185. As a result of the foregoing, the Plaintiff is entitled to damages in an amount to be determined at trial. In addition, Plaintiff is entitled to punitive damages.

**Ninth Claim for Relief**
**(Constitutional Violations-Cornell)**

186. Paragraphs 1 through 185, above, are repeated and realleged as if fully set forth herein.

187. Defendant Cornell employs all of the individual Defendants named herein.

188. Because it has undertaken the federal and state government's Constitutional duty to provide adequate medical care and mental health care to prisoners in its custody, Defendant Cornell was and is a government actor with respect to all its actions

and omissions complained of herein.

189. For a substantial period of his incarceration at Wyatt the Plaintiff was a pretrial detainee. In other words, he had not been convicted of a crime, but was being held pending trial. And, Defendant Cornell knew to a moral certainty that the Plaintiff, under such circumstances, could only be subject to the restrictions and conditions of the detention facility (Wyatt), so long as those conditions and restrictions did not amount to punishment.

190. Defendant Cornell's actions, as described herein, were motivated by evil motive or intent, or involved reckless and callous indifference to Plaintiff's federally protected rights, and were used on Defendant Cornell's part to punish Plaintiff, and such actions were arbitrary or without purpose, and excessive in relation to the Wyatt's goals of maintaining institutional security and ensuring the Plaintiff's presence at trial.

191. As a proximate result of Defendant Cornell's organizations, systems, policies, procedures, practices, acts, and omissions at Wyatt, the Plaintiff was deprived of his right to due process guaranteed by the Fifth Amendment to the United States Constitution.

192. Defendant Cornell was aware of the organizations, systems, policies, procedures, practices, acts, and omissions at Wyatt, had a realistic opportunity to prevent the medical and mental harm to Plaintiff, and yet failed to prevent the serious medical and mental harm caused to the Plaintiff, thereby depriving Plaintiff of his right to due process guaranteed by the Fifth

Amendment to the United States Constitution.

193. As a direct and proximate result of Defendant Cornell's actions and omissions complained of herein, Plaintiff suffered significant injury, including serious physical har, excruciating pain, and emotional distress, entitling Plaintiff to damages in an amount to be determined at trial. In addition, Plaintiff is entitled to punitive damages.

**Tenth Claim for Relief**

**(Constitutional Violations-Defendant Cornell, Defendant Warden Salisbury, Defendant Associate Warden Doe 1, Defendant Riedel, And Defendant Cerbo)**

195. Paragraphs 1 through 193, above, are repeated and realleged as if fully set forth herein.

196. Defendant Cornell, Defendant Warden Salisbury, Defendant Associate Warden Doe 1, Defendant Riedel, and Defendant Cerbo, as operators of Wyatt, and employees of Cornell, knew to a moral certainty that they were charged with administering and providing the Plaintiff with Constitutionally adequate medical and mental health care.

197. Defendant Warden Salisbury, Defendant Associate Warden Doe 1, Defendant Riedel, and Defendant Cerbo, by virtue of their employment by Defendant Cornell, and as operators of Wyatt, were acting under color of federal law, and/or state law.

198. Defendant Cornell, Defendant Warden Salisbury, Defendant Associate Warden Doe 1, Defendant Riedel, and Defendant Cerbo's deliberate indifference to Plaintiff's serious medical and mental health needs has caused and continues to cause avoidable pain, mental suffering, and deterioration of Plaintiff's health,

resulting in the unnecessary and wanton infliction of pain on Plaintiff, and thereby depriving the Plaintiff of his right to due process guaranteed by the Fifth Amendment to the United States Constitution.

199. Defendants Cornell, Warden Salisbury, Associate Warden Doe 1, Riedel, and Cerbo, knew to a moral certainty that the Plaintiff, given his pretrial detention, could only be subject to the restrictions and conditions of the detention facility (Wyatt), so long as those conditions of the detention facility did not amount to punishment.

200. Defendants Cornell, Warden Salisbury, Associate Warden Doe 1, Riedel and Cerbo's actions, as described herein, were motivated by evil motive or intent, or involved reckless and callous indifference to Plaintiff's federally protected rights, and were used on Defendant Cornell's part to punish Plaintiff, and such actions were arbitrary or without purpose, and excessive in relation to the Wyatt's goals of maintaining institutional security and ensuring the Plaintiff's presence at trial.

201. Defendants Cornell, Warden Salisbury, Associate Warden Doe 1, Riedel, and Cerbo knew that proper training, staffing, and supervision of the nursing staff, medical staff, and correctional officers was necessary to adequately provide inmates with Constitutionally adequate medical and mental health care and were deliberately indifferent, grossly negligent, and acted with reckless disregard in administering medical health care to the Plaintiff in response to the November 21, 2005, September 20, 2006, and October 29, 2006 incidents with excessive risk to his health

and safety, and such conduct was done without lawful justification and was designed to and did deprive the Plaintiff of his due process rights guaranteed by the Fifth Amendment to the United States Constitution.

202. Defendants Cornell, Warden Salisbury, Associate Warden Doe 1, and Cerbo were aware of the organizations, systems, policies, procedures, practices, acts, and omissions at Wyatt, and knew that such actions were arbitrary or without purpose, and excessive in relation to the Wyatt's goals of maintaining institutional security and ensuring the Plaintiff's presence at trial, and the said Defendants had a realistic opportunity to prevent the serious medical and mental harm caused to the Plaintiff, thereby depriving Plaintiff of his due process rights guaranteed by the Fifth Amendment to the United States Constitution.

203. As a proximate result of the said Defendants' organizations, systems, policies, procedures, practices, acts, and omissions at Wyatt, the Plaintiff, was deprived of his due process rights guaranteed by the Fifth Amendment to the United States Constitution.

204. As a direct and proximate result of the said Defendants' actions and omissions complained of herein, Plaintiff suffered significant injury, including serious physical harm, excruciating pain, and emotional distress, entitling Plaintiff to damages in an amount to be determined at trial. In addition, Plaintiff is entitled to punitive damages.

## Eleventh Claim for Relief

**(Constitutional Violations-Defendant Cornell, Defendant Singleton, Lugo, Carlton, Toolin, Botello, Sgt. Gomes, Lt. Mougenot, And Sgt. Doe 5)**

205. Paragraphs 1 through 204, above, are repeated and realleged as if fully set forth herein.

206. Defendant Cornell, Defendant Singleton, Defendant Lugo, Defendant Carlton, Defendant Toolin, Defendant Botello, Defendant Sgt. Gomes, Defendant Lt. Mougenot, and Defendant Sgt. Doe 5, as operators of Wyatt, and employees of Cornell, knew to a moral certainty that they were charged with administering and providing the Plaintiff with Constitutionally adequate medical and mental health care.

207. Defendant Cornell, Defendant Singleton, Defendant Lugo, Defendant Carlton, Defendant Toolin, Defendant Botello, Defendant Sgt. Gomes, Defendant Lut. Mougenot, and Defendant Sgt. Doe 5, by virtue of their employment by Defendant Cornell, and as operators of Wyatt, were acting under color of federal and state law.

208. Defendant Cornell, Defendant Singleton, Defendant Lugo, Defendant Carlton, Defendant Toolin, Defendant Botello, Defendant Sgt. Gomes, Defendant Lt. Mougenot, and Defendant Sgt. Doe 5, by virtue of their employment by Defendant Cornell, and as operators of Wyatt, were deliberately indifferent to Plaintiff's serious medical and mental health needs, which caused the Plaintiff, and continues to cause avoidable pain, mental suffering, and deteriorartion of Plaintiff's health, resulting in the unnecessary and wanton infliction of pain on Plaintiff, and

depriving the Plaintiff of his due process rights guaranteed by the Fifth Amendment to the United States Constitution.

209. Defendant Cornell, Defendant Singleton, Defendant Lugo, Defendant Carlton, Defendant Toolin, Defendant Botello, Defendant Sgt. Gomes, Defendant Lt. Mougenot, and Defendant Sgt. Doe 5, as described herein, were motivated by evil motive or intent, or involved reckless and callous indifference to Plaintiff's federally protected rights.

210. The Defendants herein, knew to a moral certainty that the Plaintiff, given his pretrial detention, could only be subject to the restrictions and conditions of the detention facility (Wyatt), so long as those conditions of the detention facility did not amount to punishment.

211. The Defendants herein, took the actions described above to punish Plaintiff, and such actions were arbitrary or without purpose, and excessive in relation to the Wyatt's goals of maintaining institutional security and ensuring the Plaintiff's presence at trial.

212. The Defendants herein, knew that proper training, staffing, and supervision of the correctional officers, counselors, nursing staff, and medical staff, was necessary to adequately provide inmates with Constitutionally adequate medical and mental health care and were deliberately indifferent, grossly negligent, and acted with reckless disregard in administering medical and mental health care to the Plaintiff in response to the November 21, 2005, September 20, 2006, and October 29, 2006 incidents with

excessive risk to his health and safety, and such conduct was done without lawful justification and was designed to and did deprive Plaintiff of his rights guaranteed by the Fifth Amendment to the United States Constitution.

213. The Defendants herein, were aware of the organizations, systems, policies, procedures, practices, acts, and omissions at Wyatt, had a realistic opportunity to prevent the serious medical and mental harm caused to the Plaintiff, thereby depriving Plaintiff of his due process rights guaranteed by the Fifth Amendment to the United States Constitution.

214. As a proximate result of Defendant Cornell, Defendant Singleton, Defendant Lugo, Defendant Carlton, Defendant Toolin, Defendant Botello, Defendant Sgt. Gomes, Defendant Lt. Mougenot, and Defendant Sgt. Doe 5's organizations, systems, policies, procedures, practices, acts, and omissions at Wyatt, the Plaintiff was deprived of his due process rights guaranteed by the Fifth Amendment to the United States Constitution.

215. As a direct and prximate result of Defendant Cornell, Defendant Lugo, Defendant Carlton, Toolin, Defendant Botello, Defendant Sgt. Gomes, Defendant Lt. Mougenot, and Defendant Sgt. Doe 5's actions and omissions complained of herein, Plaintiff suffered significant injury, including serious physical harm, excruciating pain, and emotional distress, entitling Plaintiff to damages in an amount to be determined at trial. In addition, Plaintiff is entitled to punitive damages.

## Twelth Claim for Relief

## (Constitutional Violations-Defendant Cornell, Defendant Buckless, Defendant Falcon, Defendant Morales, Defendant Nurse Maureen, And Defendant Nurse Lisa)

216. Paragraphs 1 through 215, above, are repeated and realleged as if fully set forth herein.

217. Defendant Cornell, Defendant C.O. Buckless, Defendant C.O. Falcon, Defendant C.O. Morales, Defendant Nurse Maureen, and Defendant Nurse Lisa, as operators of Wyatt, and employees of Cornell, knew to a moral certainty that they were charged with administering and providing the Plaintiff with Constitutionally adequate medical and mental health care.

218. Defendant Cornell, Defendant C.O. Buckless, Defendant C.O. Falcon, Defendant C.O. Morales, Defendant Nurse Maureen, and Defendant Nurse Lisa, by virtue of their employment by Defendant Cornell and as operators of Wyatt, were acting under color of federal and state law.

219. Defendant Cornell, Defendant C.O. Buckless, Defendant C.O. Falcon, Defendant C.O. Morales, Defendant Nurse Maureen, and Defendant Nurse Lisa, were deliberately indifferent to Plaintiff's serious medical and mental health neds, which caused the Plaintiff, and continues to cause the Plaintiff avoidable pain, mental suffering, and deterioration of Plaintiff's health, resulting in the unnecessary and wanton infliction of pain on Plaintiff, and depriving Plaintiff of his due process rights guaranteed by the Fifth Amendment to the United States Constitution.

220. Defendant Cornell, Defendant C.O. Buckless, Defendant C.O. Falcon, Defendant C.O. Morales, Defendant Nurse Maureen, and Defendant Nurse Lisa, were deliberately indifferent to Plaintiff's serious medical and mental health needs, as described herein, were motivated by evil motive or intent, or involved reckless and callous indifference to Plaintiff's federally protected rights.

221. The Defendants herein, knew to a moral certainty that the Plaintiff, given his prtrial detention, could only be subject to the restriction and conditions of the detention facility (Wyatt), so long as those conditions of the detention facility did not amount to punishment.

222. The Defendants herein, took the actions described above to punish Plaintiff, and such actions were arbitrary or without purpose, and excessive in relation to the Wyatt's goals of maintaining institutional security and ensuring the Plaintiff's presence at trial.

223. The Defendants herein, were deliberately indifferent, grossly negligent, and acted with reckless disregard in administering medical and mental health care to the Plaintiff in response to the November 21, 2005, September 20, 2006, and October 29, 2006 incidents with excessive risk to his health and safety, and such conduct was done without lawful justification and was designed to and did deprive Plaintiff of his rights guaranteed by the Fifth Amendment to the United States Constitution.

224. The Defendants herein, were aware of the organizations, systems, policies, procedures, practices, acts, and omissions at Wyatt, had a realistic opportunity to prevent the serious medical and mental harm caused to the Plaintiff, thereby depriving Plaintiff of his due process rights guaranteed by the Fifth Amendment to the United States Constitution.

225. As a proximate result of the said Defendants' organizations, systems, policies, procedures, practices, acts, and omissions at Wyatt, the Plaintiff was deprived of his due process rights guaranteed by the Fifth Amendment of the United States Constitution.

226. As a dirct and proximate result of Defendant Cornell, Defendant Buckless, Defendant C.O. Falcon, Defendant C.O. Morales, Defendant Nurse Maureen, and Defendant Nurse Lisa's actions and omissions complained of herein, Plaintiff suffered significant injury, including serious physical harm, excruciating pain, and emotional distress, entitling Plaintiff to damages in an amount to be determined at trial. In addition, Plaintiff is entitled to punitive damages.

**Thirteenth Claim for Relief**

**(Third-Party Beneficiary of DOJ Contract-- Against Defendant Cornell, Defendant Cornell RI, and Defendant CFDFC)**

227. Paragraphs 1 through 226, above, are repeated and realleged as if fully set forth herein.

228. The CFDC has contracted with the U.S. Marshal Service and other State authorties to house federal and other pretrial and sentenced detainees at Wyatt.

229. Cornell, Cornell RI, and CFDFC entered into the DOJ/Wyatt contract with the intent to confer a direct benefit on the Plaintiff, namely, the provision of adequate medical, dental, and mental health care.

230. Cornell, Cornell RI, and CFDFC has breached its express and implied contractual obligations to the Plaintiff by failing to provide adequate medical care. And, as a direct result of the Cornell, Cornell, RI, and CFDFC's actions and omissions as described herein, the Plaintiff has suffered and continues to suffer physical and mental pain injury.

231. The Plaintiff has performed any and all conditions precedent to the bringing of this action, or such conditions have been waived or excused by the actions of Defendant Cornell, Cornell RI, and CFDFC.

232. As a result of the foregoing actions and omissions of Defendants Cornell, Cornell RI, and CFDFC, the Plaintiff has suffered an ascertainable loss and is entitled to punitive damages.

**PRAYERS FOR RELIEF**

**WHEREFORE,** Plaintiff prays that this Court enter judgment on his complaint in his favor and against all Defendants, jointly and severally, as follows:

**a.** Awarding compensatory damages in an amount not less than $105,000,000.00;

**b.** Awarding punitive damages in an amount not less than $105,000,000.00;

c. Awarding actual and other damages in an amount to be determined at trial;

d. Awarding pre- and post judgment interest;

e. Awarding costs, expenses, and reasonable attorneys' fees; and

f. Ordering such other and further relief as this Court deems just and proper.

**Jury Demand**

Pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P.") Rule 38, the Plaintiff demands a trial by jury on all issues so triable.

May 28, 2008

Respectfully submitted,
By Plaintiff, Pro Se,

Hakan Yalincak
Reg. No. 15662-014
RCI
P.O. Box 630
Winton, NC 27986

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

May 28, 2008

Hakan Yalincak

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the Plaintiff's Amended Complaint was mailed this 28th day of May, 2008, first class postage pre-paid, to the last known address of the Defendants, by depositing a copy of the same in the RCI legal mailbox addressed as follows:

Cornell Companies, Inc.
10 Weybosset St.
Providence, RI 02903
CT Corporation Systems (Corp. Agent)

Cornell Corrections of
Rhode Island, Inc.
10 Weybosset St.
Providence, RI 02903
(Corporate Agent: CT
Corporation Systems)

Central Falls Detention Facility Corp.
20 Centerville Road
Warwick, RI 02863
Attn: Christopher M. Orton, Esq.

Warden Wayne T. Salisbury
D.W.D.F.
950 High St.
Central Falls, RI 02863
(With copy to Cornell Companies, Legal
And Corporate Agent)

Associate Warden of
D.W.D.F.; Jean Singleton;
Linda Lugo; June M.
Carlton; Patrick Toolin;
Frank Botello; C.O. Falcon;
C.O. Morales; Sgt. Gomes;
Nurse Maureen; Nurse Lisa;
Luis A. Cerbo; Dr. John
Riedel; Lt. Mougenot; and
Sgt. Doe 5.
D.W.D.F.
950 High Street
Central Falls, RI 02863
(With copy to Cornell
Companies, Legal and
Corporate Agent, as well
as Richard Crane, Esq.,
General Counsel for Cornell).

Signed under the pains and penalties of perjury this 28th day of May, 2008.

[signature]
Hakan Yalincak