UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

HAKAN YALINCAK, :

Plaintiff, :

v. : Civ. Case No. 1:08-CV-00057-S-JH

CORNELL COMPANIES, INC., ET AL.,:

Defendants. : JUNE 30, 2008

**MOTION FOR ENTRY OF DEFAULT BY CLERK PURSUANT TO FRCP 55(a)(1) and L.R.CV. 55**

The Plaintiff Hakan Yalincak (hereinafter "the Plaintiff"), pursuant to Federal Rules of Civil Procedure 55(a)(1) and District of Rhode Island Local Rule of Civil Procedure 55, respectfully moves this Court for entry of default by the Clerk against defendants Cornell Companies, Inc. ("Cornell"), Warden Wayne T. Salisbury, Jr. ("Salisbury"), Associate Warden ("A.W."), Jean Singleton ("Singleton"), Linda Lugo ("Lugo"), June M. Carlton ("Carlton"), Patrick Toolin ("Toolin"), Frank Botello ("Botello"), Dr. John Riedel ("Riedel")(collectively, "the defendants"), only.

In support of his instant motion, the Plaintiff respectfully states the following:

(1) The Plaintiff commenced this action via Complaint on or about February 20, 2008;

(2) On April 29, 2008, this Court, Hagopian, M.J., ordered the United States Marshals Service ("USM") to serve

copies of the Plaintiffs' Complaint and Summons on the defendants (Doc. 11);

(3) On May 7, 2008, defendant Cornell was served with a copy of the Complaint and summons and was served again on May 15, 2008 by the USM (Doc. 25);

(4) On May 15, 2008, defendants Salisbury, A.W., Singleton, Lugo, Carlton, Toolin, Botello, and Riedel were served by the USM (Doc. 12-20);

(5) On or about May 23, 2008, Dennis T. Grieco, Esq., Gidely, Sarli & Marusak, LLP, appeared on behalf of all of the defendants except the A.W. (Doc. 21), and moved for an extension of time (Doc. 22), to respond or answer the Complaint. The Defendants' Motion to Extend Time was never ruled on by this Court;

(6) On May 28, 2008, the Plaintiff mailed and served a copy of his Amended Complaint on all of the defendants' attorneys, Dennis T. Grieco, Esq., Sarli, & Marusak, LLP and advised that he has no objection to the defendants' request for an extension of time until and including June 23, 2008. The same was also filed with this Court (Doc. 23). In addition, the Plaintiff provided a Notice of Lawsuit and Request for Waiver of Service of Summons pursuant to Fed.R.Civ.P. 4(d) in the event the defendants dispute service of process of the Complaint and summons by the USM. (Id.). No response has been received by the Plaintiff from counsel for the defendants;

(7) A copy of the Plaintiffs' Amended Complaint was also served on the corporate defendant's agent, CT Corporation Systems;

(8) The Plaintiff, on May 28, 2008, May 29, 2008, as well as on June 2, 2008 and June 19, 2008, wrote counsel for the defendants and offered to agree to a further extension of time up to and including June 23, 2008, or if a stipulation could be agreed to, then June 30, 2008. In addition, the Plaintiff provided a Notice of Lawsuit and Waiver of Service of Summons forms pursuant to Fed.R.Civ.P. 4(d), in the event the defendants disputed service of process by the USM. No respose has been received by the Plaintiff from counsel for the defendants;

(9) On June 24, 2008, the defendants' time to answer or otherwise move against the Amended Complaint expired, and the defendants have not filed any motions for extension of time, or advised the Plaintiff whether they require any further extensions, or reasoning for their failure to answer or otherwise move against the Plaintiffs' Amended Complaint (Doc. 24);

(10) In light of the foregoing, the defendants are in default as they have failed to serve an answer or file a motion under Rule 12 in a timely manner;

**PLAINTIFF'S CERTIFICATION PURSUANT TO L.R. 55**

(11) Pursuant to L.R. Civ. 55(a), the Plaintiff hereby certifies that he has served the defendants by both

regular mail, postage prepaid and by certified mail, return receipt requested with a copy of the return receipt annexed hereto as **Exhibit A**;

(12) Pursuant to L.R. Civ. 55(b), to the best of the Plaintiff's knowledge, and as is reflected in the record on the docket sheet, the address set forth in the Certificate of Service is the last known address for the defendants' attorney;

(13) Pursuant to L.R. Civ. 55(c), after diligent research, the Plaintiff certifies to the best of his knowledge and belief that none of the defendants against whom a default entry is sought is in the military service of the United States.

**WHEREFORE**, the Plaintiff respectfully requests an entry of a default pursuant to Fed.R.Civ.P. 55(a)(1) and L.R.Civ.55 against defendants Cornell Companies, Inc., Warden Wayne T. Salisbury, Jr., Associate Warden of Donald Wyatt, Jean Singleton, Linda Lugo, June Carlton, Patrick Toolin, Frank Botello, and Dr. John Riedel.

Respectfully submitted,
HAKAN YALINCAK, PRO SE,

Hakan Yalincak, Pro Se
Reg. No. 15662-014
RCI
P.O. Box 630
Winton, NC 27986
(252) 358-5200 Tel.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

HAKAN YALINCAK, :
Plaintiff, :
v. : Civ. Case No. 1:08-CV-00057-S-JH
CORNELL COMPANIES, INC., ET AL.,:
Defendants. :

**ORDER**

The Plaintiffs' Motion for Entry of Default pursuant to Fed.R.Civ.P. 55(a)(1) having been considered by the Court, and notice having been given to all parties,

**IT IS HEREBY GRANTED/DENIED;**

**SO ORDERED**

Dated:____________

at Providence, Rhode Island

______________________
Clerk of the Court
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the Plaintiff's Motion for Entry of Default by Clerk Pursuant to FRCP 55(a)(1) and L.R.Civ. 55, was mailed this 30th day of June, 2008, via first-class mail, postage pre-paid, and registered mail, addressed as follows:

Dennis T. Grieco, II, Esq.,
Gidley, Sarli & Marusak, LLP
One Turks Head Place
Suite 900
Providence, RI 02903

Hakan Yalincak