UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HAKAN YALINCAK, | : | |
| Plaintiff, | : | |
| v. | : | CA NO. 1:08-CV-00057-S-JH |
| CORNELL COMPANIES, INC., ET AL., | : | |
| Defendants. | : | JULY 3, 2008 |

**MOTION FOR LEAVE TO SERVE INTERROGATORIES ON DEFENDANTS**

The Plaintiff Hakan Yalincak (hereinafter the "Plaintiff"), pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P.") 4(m) and 33, respectfully moves this Court for leave to serve interrogatories on defendant Cornell Companies, Inc., Central Falls Detention Facility Corporation and/or Cornell Corrections of Rhode Island, Inc. to ascertain the identity of one of the defendants, Sgt. John Doe 5.

In support of his motion, the Plaintiff respectfully states the following:

(1) The Plaintiff commenced this Complaint on or about February 27, 2008.

(2) The Complaint names twenty (20) individual and/or corporate defendants.

(3) On or about May 28, 2008, the Plaintiff filed an Amended COmplaint, which joined as defendants Cornell Corrections of Rhode Island, Inc., and Central Falls Detention Facility Corporation (Doc. 24).

(4) The Plaintiff has already served ten of the named defendants, and filed a Motion for Service of Process on the remaining 9 defendants, together with his Motion for Order, and Motion for Costs pursuant to Fed.R.Civ.P. 4(d)(2), since the remaining 9 defendants were provided copies of the lawsuit together with the prescribed forms under Rule 4(d), through their counsel and the Corporate Agent for the Corporate defendants.

(5) Despite reasonable diligence, the Plaintiff has been unable to discover the identity of the defendant Sgt. John Doe 5. However, as is described in the Amended Complaint (Doc. 24), at ¶25 (p. 8), Defendant Doe 5 "was at the time of the events giving rise to this Complaint, a Sergeant at ...Wyatt...Sergeant Doe 5 is a brown to dark skinned individual, who reports to have an "Irish-mix" in his background; is between 5'10 and 6' in height; and was promoted to the rank of Lieutenant in or about 2007." (Id.). The Plaintiff has written counsel for the defendants; has, through his family contacted the facility; has, through his former criminal defense attorney, contacted the facility; and on each such occasion was advised that because of the pending litigation, the facility will not provide any information on any of the defendants. Accordingly, defendant Sgt. John Doe 5 has attempted to avoid service and location by the Plaintiff.

(6) The Plaintiff is presently incarcerated in Winton, North Carolina, and despite his diligent efforts has been unable to obtain the name of Sgt. John Doe 5. It would be a great injustice to the Plaintiff that despite his diligent efforts, Defendant Sgt. John Doe 5 be allowed to avoid responding to this Complaint, simply because he has succeeded in avoiding service of process, or location by the USM, the Plaintiff, the Plaintiff's family, as well as the Plaintiff's former defense counsel.

(7) The Plaintiff believes that if he is provided the last names of the individuals who were promoted to the rank of Lieutenant within the time frame of 2006 to 2007, or is simply provided the names of the employees presently employed at the Wyatt, he would be able to identify which individual is Defendant John Doe 5. In addition, the Complaint itself provides substantial detail for the defendants to ascertain who Defendant John Doe 5 is so he may be served. Again, Defendant John Doe 5 is a bald, brown to dark skinned individual, who reports to have an "Irish-mix" in his background, and is between 5'10 and 6' in height, and was promoted to the rank of Lieutenant in or about 2007.

(8) The Plaintiff seeks leave of the Court to serve One Set of Interogatories on the Corporate Defendants: "Please Identify with Particularity the name and address of the individual identified at ¶25(p.8) of the Plaintiff's Amended Complaint." There is no possibility of prejudice to

the defendants from providing a response to this question, as the only purpose it has served thus far is to prohibit the Plaintiff from locating Defendant Sgt. John Doe 5.

(9) Additionally, the Plaintiff seeks leave of the Court to ask the following: "Please identify the full name and address of these individual defendants: C.O. Buckless, C.O. Falcon, C.O. Morales, Sgt. Gomes, Nurse Maureen, Nurse Lisa, Lt. Mougenot and the full name of the Associate Warden of Donald W. Wyatt." Similarly, there is no possibility of prejudice to the defendants from providing a response to this question as they have already been served, and have retained an attorney, Dennis T. Grieco, II, Esq., Gidley Sarli & Marusak, LLP, and therefore, have actual notice of the lawsuit. Certainly, since they are already named as defendants and have copies of the Complaint, through counsel, there is no possibility of prejudice.

(10) Finally, since the defendants' counsel has appeared in this action, the Plaintiff has repeatedly written Attorney Grieco, and even had his previous criminal defense attorney write Attorney Grieco, and has received no response. Therefore, the Plaintiff will be irrevocably prejudiced should the defndants be permitted to continue the current status quo. To wit, the defendants, despite appearing, have not filed any answer or dispositive motion, in the time alloted by the Federal Rules of Civil Procedure, and the Local Rules of this Court. Therefore, the Plaintiff should be allowed to serve one set of interrogatories on the Corporate defendant,

Cornell Companies, Inc., and permitted to pose the two questions listed above.

Respectfully submitted,
HAKAN YALINCAK PRO SE

Hakan Yalincak
Reg. No. 15662-014
RCI
P.O. Box 630
Winton, NC 27986

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing document was mailed this 3rd day of July, 2008, via first-class mail, postage pre-paid, by depositing a copy of the same in the RCI legal mailbox addressed as follows:

Dennis T. Grieco, II, Esq.,
Gidley Sarli & Marusak, LLP
One Turks Head Place
Suite 900
Providence, RI 02903