UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HAKAN YALINCAK

v. C.A. No. 08-057 S

CORNELL COMPANIES, INC., ET AL.

**MEMORANDUM AND ORDER**

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff Hakan Yalincak, *pro se*, currently confined at the Rivers Correctional Institution in North Carolina, is a former inmate of the Donald W. Wyatt Detention Facility ("Wyatt") in Central Falls, Rhode Island. On February 20, 2008, plaintiff filed a Complaint with the Court challenging the medical treatment he received while detained at Wyatt (Docket # 1). On June 4, 2008, plaintiff filed an Amended Complaint, naming 20 defendants.

Presently before the Court are motions by plaintiff for (i) service of process by a United States Marshal ("U.S. Marshal") on nine defendants (Docket # 32); (ii) an order for Clerk of the Court to make copies of the Amended Complaint to be served on the nine defendants (Docket # 29); and (iii) costs of service to be paid by the nine defendants (Docket # 33). For the reasons set forth below, plaintiff's motion for service is GRANTED, his motion for copies is DENIED and his motion for costs of service is GRANTED in part and DENIED in part.

## I. Motion for Service by a U.S. Marshal

On April 29, 2008, the Court granted an earlier motion filed by plaintiff to order a U.S. Marshal to serve process on ten defendants named in the original Complaint (Docket # 11). Plaintiff now moves the Court to order a U.S. Marshal to serve process on nine of the ten remaining defendants named in the Amended Complaint - two corporations and seven individuals (the "Nine Defendants"[1]). Plaintiff states that he unsuccessfully attempted to elicit waivers of service from the Nine Defendants by mailing them copies of the Amended Complaint, Notice of Lawsuit and Request for Waiver of Service. He explains that he mailed the papers to the corporate agents for the two corporate defendants and, for the individual defendants, to the lawyer who had appeared on behalf of the previously served ten defendants. *See* Docket # 32.

Pursuant to Rule 4(c) of the Federal Rules of Civil Procedure (the "Federal Rules"), a Court may order a U.S. Marshal to serve defendants on behalf of a plaintiff proceeding *in forma pauperis* under 28 U.S.C. §1915 ("§1915"). Fed.R.Civ.P. 4(c)(3). Here, plaintiff has been authorized to proceed *in forma pauperis* (Docket # 4). Additionally, plaintiff is now detained in North Carolina and has attempted to serve the Nine Defendants informally. Accordingly, plaintiff's motion for service by a U.S. Marshal is hereby **GRANTED**. Pursuant to Federal Rule 4(c), plaintiff is

---

[1] The Nine Defendants are: C.O.'s Buckless, Falcon and Morales; Sgt. Gomes; Nurse's Maureen and Lisa; Luis A. Cerbo; Central Falls Detention Facility Corporation; and Cornell Corrections of Rhode Island, Inc.

directed to provide the U.S. Marshals with the address of each of the Nine Defendants as well as a summons and a copy of the Amended Complaint to be served upon each of the Nine Defendants.

**II. Motion for Order Directing Clerk of the Court to Make Copies**

Plaintiff also moves the Court to order the Clerk of the Court to make copies of the Amended Complaint to be served on each of the Nine Defendants. However, it is the responsibility of the plaintiff to make copies of the complaint. *See* Fed.R.Civ.P. 4(c)(1)("the plaintiff is responsible for having the summons and complaint served … and must furnish the necessary copies to the person who makes service"). Although, pursuant to §1915(c), a court may direct the United States to pay certain enumerated costs associated with court actions in which plaintiff is proceeding *in forma pauperis*, making copies of the complaint is not included in the list. Accordingly, plaintiff's motion for an order directing the Clerk of the Court to make copies is hereby **DENIED**.

**III. Motion for Costs of Service of Process**

Plaintiff further moves the Court to order the Nine Defendants to pay the costs of effecting service on them. Federal Rule 4(d) imposes a duty on defendants to avoid unnecessary expenses of serving summonses. Fed.R.Civ.P. 4(d). The Rule requires defendants to pay expenses later incurred in effecting service on them if they refuse, without good cause, to return a waiver of service requested by a plaintiff. *Id.*

With respect to the corporate defendants, Central Falls Detention Facility Corporation and Cornell Corrections of Rhode Island, Inc. (together, the "Corporate Defendants"), plaintiff states that he provided copies of the Amended Complaint, Notice of Lawsuit and Request for Waiver of Service of Summons to the corporate agent for each of the Corporate Defendants as set forth in Federal Rule 4(d). Docket # 32 at 2. Since the Corporate Defendants failed to comply with the waiver request within thirty days, as required by Federal Rule 4(d)(2), plaintiff's motion for costs of service is **GRANTED with respect to the Corporate Defendants.** The Corporate Defendants shall be responsible for the costs incurred in effecting service on them, including plaintiff's postage and copying costs as well as the costs of service by a U.S. Marshal. Plaintiff is ordered to submit a breakdown of his costs in effecting service on the Corporate Defendants to the Court.

With respect to the seven individual defendants (the "Individual Defendants"), however, plaintiff failed to comply with the directives set forth in Federal Rule 4 in his effort to elicit a waiver of service. Instead of mailing the required papers addressed to each defendant, he mailed the papers to the lawyer who had appeared on behalf of previously served defendants. Under Rule 5, once a party has been served an initial complaint and is represented by an attorney, a plaintiff must serve additional pleadings and papers on such parties by mailing the paperwork to the party's attorney. Fed.R.Civ.P. 5(a) & (b)(1). However, in this

case, the Individual Defendants have never been served and no lawyer has appeared on their behalf.

Technical problems with a waiver of service request do not automatically create good cause for a defendant's refusal to comply with such request. *See, e.g., Yalincak v. Sherman*, 2007 WL 3046262 (D.Conn. 2007)(costs imposed despite technical problems with the notices sent with the waiver requests where proper parties actually received waiver requests); *Marcello v. Maine*, 238 F.R.D. 113 (D.Me. 2006). However, here plaintiff mailed the waiver forms to an attorney who had not appeared as representing the Individual Defendants, thus creating good cause for their failure to return the waiver. *See, e.g., Simanonok v. Lamontagne*, 181 F.3d 80 (1st Cir. 1998)(costs not imposed where plaintiff failed to comply with Federal Rule 4(d)); *Marcello*, 238 F.R.D. at 116 (citing Federal Rules advisory committee statement that good cause under Federal Rule 4(d)(2) can be demonstrated where defendants fail to receive waiver request). Accordingly, I will not order the Individual Defendants to pay the costs of service of process under Federal Rule 4(d) in this instance. Plaintiff's motion for costs of service is hereby **DENIED with respect to the Individual Defendants.**

**IT IS SO ORDERED.**

[signature]

Jacob Hagopian
Senior United States Magistrate Judge
Date: 27 Aug 08