Hakan Yalincak
Reg. No. 15662-014
RCI
P.O. Box 630
Winton, NC 2798

RECEIVED
SEP 08 2008
U.S. DISTRICT COURT
DISTRICT OF R.I.

September 4, 2008

VIA U.S. MAIL
The Hon. William E. Smith
U.S. District Judge
U.S. District Court for the
District of Rhode Island
One Exchange Terrace
Providence, RI 02903

Re: Hakan Yalincak v. Cornell Companies, Inc., et al.,
Case No. 1:08-CV-00057-S-JH

Dear Judge Smith:

As Your Honor may recall I am the Pro Se Plaintiff in the above-referenced matter. I write concerning several of the pending motions, which Your Honor referred to Magistrate Judge Jacob Hagopian for decision.

As Your Honor may recall previously I had moved for appointment of counsel, however, my request was denied without prejudice to renewal if circumstances warrant. Namely, Your Honor found that because I was receiving assistance from a legal service at this facility and from my family, court appointed counsel was unnecessary at that time.

Presently pending before the Court are Documents 29, 30, 31, 32, and 33. These motions, which deal with service of process, have been pending since early July 2008, with no decision made by the Court. Furthermore, some of the Defendants have been served and have never filed any type of response or motion under Rule 12. For example, on May 23, 2008, the Defendants filed an appearance (Doc. 21) and moved for an extension of time (Doc. 22) to file an answer to the Complaint. On June 4, 2008, I filed my Amended Complaint (Doc. 24). To date, despite the Court denying the Defendants' Motion for An Extension of Time (it became moot due to the filing of the Amended Complaint), the Defendants have not filed any type of answer or motion. Accordingly, on July 8, 2008, I moved for entry of default by the Clerk pursuant to Fed.R.Civ.P. 55(a). Again, the Defendants have not filed any answer or opposition, and the Court has still not ruled on the said Motion for Entry of Default (Doc. 30).

In addition, prior to requesting service of process by the U.S. Marshal's in accordance with 28 U.S.C. §1915, I provided the Defendants' through their counsel of Dennis T. Grieco, II, Esq., the Waiver of Service Forms and NOtice of Lawsuit forms in accordance with Fed.R.Civ.P. 4(d)(2). The Defendants refused to waive formal service of summons, and subsequently, ten of the twenty Defendants named in the Complaint were served by the U.S. Marshals on or about May 15, 2008 (Doc. 12-20, 25-27). Additionally, all of the Defendants were provided another chance to waive service in connection with the Amended Complaint. Again, they all refuse to waive formal service of process. Presently, twelve of the twenty Defendants named in the Amended Complaint have been formally served with a Summons and the Complaint and there have been no responsive filings or any motions under Rule 12 filed by the Defendants.

Also, to ensure that the remaining eight Defendants are timely served I filed a Motion for Service of Process, Motion for Leave to Serve Interrogatories, Motion for Copies and Costs of Service (Doc. (Doc. 29, 31, 32-33). These motions were referred to Magistrate Judge Hagopian on August 7, 2008 and there still has been no ruling. I note that if there continues to be no ruling by the end of this month, I may be irrevocably prejudiced because Rule 4 of the Federal Rules of Civil Procedure allows only 120 days for service of process, unless it is extended for good cause by the Court.

Your Honor, there are numerous pending motions on the docket sheet, in some cases, a simple request for service of process now has been pending for two months. While there is no set time period for a Court to rule on a Motion, the Defendants continue to skirt the rules of procedure and despite being aware that a Motion for Default Entry is pending have not filed any type of response in a timely manner.

The significant of the foregoing Your Honor, is that my mother is being held in Immigration & Customs Enforcement Custody at the Donald W. Wyatt Detention Facility, which is operated by the Defendants. Since the filing of this lawsuit, my mother has been repeatedly retaliated against, and her attorneys have repeatedly written the prison asking them to cease and desist. In addition, she has her own Habeas Corpus Application pending in front of Judge Mary M. Lisi in this District. See Ayfer Yalincak v. B.I.C.E., et al., Case No. 1:08-CV-00328.

My concern Your Honor is that while I have been receiving legal assistance at this facility, I will be taken into ICE custody myself on September 24, 2008 -- the final day of my criminal sentence. Additionally, it was not my intention when I filed the instant lawsuit to create a reason for the Defendants to make my mother's life harder. I have served the Defendants and they have not responded to the lawsuit. I have filed a Motion for Entry of Default, and have filed a Motion for Service of Process on the eight remaining Defendants and this Court has not ruled on any of my motions. In addition, in connection with the instant lawsuit, I was informed by my previous criminal defense attorney that he had also contacted the Defendants to inquire as to my mother's status and he saw first-hand the ill-treatment that she is receiving. I am not exactly sure what to do any more. This Court has a Motion for Default Entry pending before it, if granted, I can move for a default judgment and/or a temporary restraining order, or preliminary and permanent injunction.

In sum Your Honor, the purpose of this letter is to request a timely ruling on the pending motions before this Court. And, in light of my upcoming departure, and the Defendants' documented retaliation and ill-conduct towards my family member, I respectfully request that the Court consider appointment of counsel, as I cannot afford one on my own, I will no longer have access to legal assistance after September 24, 2008, and the Defendants are taking advantage of this situation with my mother. Given the complexity of this lawsuit, it would be in the intersts of justice and judicial economy as without this Court's assistance, I cannot even ensure that the remaining eight (8) defendants are timely served, and discovery can be taken to prosecute this action and ensure that the Defendants' conduct towards my mother stops. (She is a diabetic, with numerous heart problems and has on some occasions been denied medical care or placed in special housing and derided because of the present lawsuit. The Court should be aware that the same defendants in this lawsuit are her custodians now and interact with her on a daily basis.)

I thank Your Honor for your consideration of the foregoing.

Respectfully submitted,

Hakan Yalincak, Pro Se

cc: Dennis T. Grieco, II, Esq. (Counsel for Defendants)
Bernard M. Grossberg, Esq. (Counsel for my mother)